IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:07cr322-MHT |
| JOHN W. GOFF | ) | (WO) |

OPINION AND ORDER

This case is before the court on defendant John W. Goff's motion to continue.  For the reasons set forth below, the court finds that jury selection and trial, now set for January 5, 2009, should be continued pursuant to 18 U.S.C. § 3161(h)(8).

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information

>  or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(8)(A).  In granting such a continuance, the court shall consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(8)(B)(iv).

　　The court concludes that, in this case, the ends of justice served by granting a continuance outweigh

2

the interest of the public and Goff in a speedy trial. This case involves an enormous amount of documentary discovery, some of which was only recently discovered and turned over to Goff.

Based on the representations made in open court on October 31, 2008, the court finds that there is no evidence that the government has been untimely in furnishing discovery or has otherwise acted in bad faith; indeed, the government has timely met and complied with all discovery deadlines. Nonetheless, the court believes that Goff needs more time to prepare for trial and that an additional month will meet his needs.

Accordingly, it is ORDERED as follows:

(1) Defendant John W. Goff's motion for continuance (doc. no. 34) is granted.

(2) The jury selection and trial, now set for January 5, 2009, are reset for February 2, 2009, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson

Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 3rd day of November, 2008.

                         /s/ Myron H. Thompson
                         UNITED STATES DISTRICT JUDGE