IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07cr322-MHT |
| | ) | |
| JOHN W. GOFF | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is Defendant John W. Goff's Amended Motion to Dismiss Indictment (Doc. #46).  The Government has filed its Response to the Motion (Doc. #47). Based on the Motion, Response, and all supporting materials, the undersigned Magistrate Judge RECOMMENDS that the motion be DENIED.

## I.    BACKGROUND

On April 2, 2008, a Superseding Indictment was filed which charged Defendant with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (Count 1), embezzlement of insurance company funds, in violation of 18 U.S.C. §§ 1033(b)(1)(A) and (2) (Count 2), twenty-three counts of mail fraud, in violation of 18 U.S.C. §§ 1341 and 2 (Counts 3-25), and making a false and material statement to an insurance regulatory agency, in violation of 18 U.S.C. §§ 1033(a) and 2 (Count 26).

## II.    DISCUSSION

Defendant presents a number of arguments in urging the Court to order the dismissal of the Superseding Indictment.  The Court will address each in turn.

1

**A.      The Alleged Improper Motive of the Government.**

Although Defendant's Amended Motion to Dismiss proffers many legal bases for dismissing all or portions of the Superseding Indictment, a recurring theme of the Motion is Defendant's belief that, after a protracted history of civil and regulatory disputes between Defendant and his former business partners and officials in State government, his indictment is nothing more than payback, overreaching, and intimidation by the United States Attorney for the Middle District of Alabama.  *See, e.g.,* Def.'s Amend. Mot. To Dis. Ind. (Doc. #46) at 6 ¶18 ("In reality, this federal investigation of Goff is nothing more than retribution for his civil suit pending in the Circuit Court of Montgomery County . . . .").  *See also id.* at 27-28.  Before reaching Defendant's various legal theories requiring dismissal of all or part of the Superseding Indictment, the Court will first address Defendant's overarching contention that his Indictment is the result of improper motive and influence by the U.S. Attorney.

If Defendant intends to present this Court with a claim of vindictive prosecution, he has failed to properly set forth the elements of such a claim or relate them to the facts of this case other than through mere supposition.[1]  "A defendant may establish vindictiveness by either showing facts that give rise to a presumption of vindictiveness or by offering evidence of a prosecutor's actual vindictiveness."  *United States v. Dorsey*, 512 F.3d 1321, 1325 (11th

---

[1]      The Court is aware that Defendant has now filed a separate Motion to Dismiss based on his claim of bad faith prosecution.  *See* Doc. #57.  As the factual and legal arguments supporting that Motion differ from that presented in the Amended Motion to Dismiss at issue in this Recommendation, the Court's analysis in this Recommendation is not applicable to the newly filed Motion to Dismiss.  That Motion will be considered by the Court in due course and after appropriate briefing.

Cir. 2008)(*citing United States v. Paramo*, 998 F.2d 1212, 1220 (3d Cir. 1993)).  The presumption of vindictiveness applies where the factual circumstances alleged by the defendant "indicate a 'reasonable likelihood of vindictiveness." *Id.*  Moreover, even if the presumption applies, the government may rebut it with "objective evidence justifying its conduct." *Id.*  In that event, the defendant must show "actual vindictiveness," which entails "present[ing] objective evidence that the government acted solely to punish him for exercising legal rights, and that the reasons proffered by the government are pretextual." *Id.* at 1325-26.

      In this case, Defendant has merely offered speculation that his indictment is the result of the improper motives of the government.  The Superseding Indictment is replete with factual allegations which, if proven at trial, clearly constitute criminal conduct.  Moreover, as noted by the Government, the United States is not a party to and has no interest in any of the various civil proceedings with which Defendant has been involved during the years leading up to his indictment.  Finally, the Government notes that the United States Attorney for the Middle District of Alabama, whom Defendant appears to assert harbors animus toward him resulting in his indictment, has recused herself from this case.  Thus, even if the Court were to presume vindictiveness, the Government has rebutted such a presumption with "objective evidence justifying its conduct."  Likewise, it is clear that Defendant's speculation about the alleged improper motives of the recused United States Attorney cannot constitute evidence of "actual vindictiveness."  Accordingly, to the extent Defendant intends to argue

that his prosecution is a result of vindictiveness or retaliation, his claims are without merit and should be denied.

### B.    The Sufficiency of the Indictment.

Defendant makes a number of general charges that all counts of the Superseding Indictment are deficient owing to some purported vagueness or failure to state a claim against him.  *See* Def.'s Amend. Mot. To Dis. Ind. (Doc. #46) at 6 ¶¶ 19-24.  Defendant also challenges each discrete count of the Superseding Indictment based on specific alleged deficiencies germane to that count.  *See id.* at ¶¶ 25-28.  It is not necessary to address each of the more general claims of deficiency and the constitutional theory underlying them, as, in this instance, the Superseding Indictment is constitutionally sufficient.

"An indictment is sufficient if '[i]t (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense.'" *United States v. Walker*, 490 F.3d 1282, 1296 (11th Cir. 2007)(*quoting United States v. Woodruff*, 296 F.3d 1041, 1046 (11th Cir. 2002)).  The sufficiency of the indictment is to be determined from its face, and if it "tracks the language of the relevant statute" and "provides a statement of facts and circumstances that give notice of the offense to the accused," it will be deemed sufficient.  *Id.*

The Superseding Indictment exceeds these threshold requirements.  It begins with a detailed explanation of the nature of the Defendant's and the Goff Group's business,

4

governing regulatory law, how Defendant and the Goff Group became involved with certain business partners, and how that business relationship soured over time. Then, in setting forth each count, the Superseding Indictment attributes a number of specific actions to Defendant and provides a detailed explanation of how these discrete acts allegedly committed by Defendant constitute each element of the charges against him. In all relevant portions, the indictment tracks the language of the statute governing each charge.[2]

Each Count of the Superseding Indictment presents the essential elements of the charged offense and gives ample notice of the charge against Defendant. Count One charges Goff with conspiracy pursuant to 18 U.S.C. § 371. Defendant contends that Count One fails to provide "any specifics so as to advise the Defendant of the specific charge against him," and that it does not "specify[] the specific conspiracy, when and where it was entered into, its object, meeting of the minds, and the ends of the conspiracy." Def.'s Amend. Mot. To Dismiss (Doc. #46) at ¶ 25. However, it is clear that Count One is sufficient. "The elements of a conspiracy under 18 U.S.C. § 371 are (1) an agreement among two or more persons to achieve an unlawful objective; (2) knowing and voluntary participation in the agreement; and (3) an overt act by a conspirator in furtherance of the agreement." *United States v. Hasson*, 333 F.3d 1264, 1270 (11th Cir. 2003). The Superseding Indictment properly alleges each of these elements. *See* Superseding Indictment (Doc. #5) at ¶¶ 3 and 5-6. Through Count One,

---

[2]     Although faulting the Government for it, even Defendant concedes that, with respect to each count, the Superseding Indictment "vaguely and generally follow[s] the language of the statute." Def.'s Amend. Mot. to Dis. (Doc. #46) at ¶¶ 25-28.

Defendant is clearly apprised of the charge against him (conspiracy), the nature and ultimate objective of the conspiracy he allegedly entered into (to wrongfully obtain and withhold monies owed to business partners of the Goff Group and to utilize the United States mails in execution of a fraudulent scheme), and at least twenty-three overt acts in furtherance of the conspiracy.  Thus, Defendant's challenge to the sufficiency of Count One is without merit.

Count Two charges Goff with embezzlement of insurance company funds, in violation of 18 U.S.C. §§ 1033(b)(1)(A) and (2).  Defendant once again contends that Count Two fails to "provide[] any specifics so as to advise Defendant of the specific charge against him." Def.'s Amend. Mot. To Dismiss (Doc. #46) at ¶ 26.  However, the indictment clearly tracks the language of the statute and, in incorporating the numerous factual allegations set forth in paragraphs one and four through six of the indictment, provides ample notice to Defendant of the facts and circumstances forming the basis of the charge.

Counts Three through Twenty-five charge Defendant with mail fraud in violation of 18 U.S.C. §§ 1341 and 2.  Defendant contends that the counts "fail to put the Defendant on notice of the charges against him" or "provide[] any specifics so as to advise the Defendant of the specific charges against him."  Def.'s Amend. Mot. To Dismiss (Doc. #46) at ¶ 27. However, it is clear that Counts Three through Twenty-five are sufficient.  The elements of the offense of mail fraud "require that a person (1) intentionally participates in a scheme or artifice to defraud another of money or property, and (2) uses or 'causes' the use of the mails

6

. . . for the purpose of executing the scheme or artifice." *United States v. Ward*, 486 F.3d 1212, 1222 (11th Cir. 2007).  As set forth above, the Superseding Indictment clearly articulates the "scheme or artifice to defraud" which Defendant allegedly entered into and lists twenty-three discrete incidents where the mails were used in furtherance of such scheme. Accordingly, the mail fraud counts of the indictment are sufficient.

Count Twenty-six of the Superseding Indictment charges Defendant with making a false and material statement to an insurance regulatory agency, in violation of 18 U.S.C. §§ 1033(a) and (2).  Defendant claims that the Count fails to "provide[] any specifics so as to advise the Defendant of the specific charge against him."  Def.'s Amend. Mot. To Dismiss (Doc. #46) at ¶ 28.  However, Count Twenty-six closely tracks the language of the relevant statute and provides a detailed explanation of the facts and circumstances under which Defendant allegedly violated the statute.  Thus, Count Twenty-six is sufficient.

Each count of the Superseding Indictment adequately informs Defendant of the charges against him and details the specific actions which are alleged to have violated federal law.  Accordingly, Defendant's various claims that the Superseding Indictment is insufficient are without merit and should be denied.

### C.    The Statute of Limitations.

Defendant contends that the mail fraud counts of the Superseding Indictment are untimely pursuant to the five-year statute of limitations in 18 U.S.C. § 3282.  Defendant claims that, while the mail fraud counts catalogue twenty-three mailings from December 20,

2002, through March 20, 2003, and the indictment was first returned on December 19, 2007, within the five-year limitations period, the decision to seal the indictment purportedly without justification until the Superseding Indictment was obtained in April, 2008, renders the charges in the Superseding Indictment untimely, as the date of the Superseding Indictment should be considered the date on which the indictment was "found." Def.'s Amend. Mot. To Dismiss (Doc. #46) at 14. Defendant also contends that, to the extent the Government is able to satisfy the Court that a legitimate justification for sealing the indictment existed, he has suffered actual prejudice due to the sealing of the indictment which requires dismissal.

The statute of limitations may be tolled by the timely filing of an indictment. *United States v. Edwards*, 777 F.2d 644, 647 (11th Cir. 1985). Likewise, a "superseding indictment brought after the statute of limitations has expired is valid so long as the original indictment is still pending and was timely and the superseding indictment does not broaden or substantially amend the original charges." *United States v. Ratcliff*, 245 F.3d 1246, 1252-53 (11th Cir. 2001). Additionally, "the government may properly request the sealing of an indictment for a period beyond the statute of limitations. An indictment sealed pursuant to Fed. R. Cr. P. 6(e)(4) is timely even though the defendant is not arrested and the indictment is not made public until after the end of the statutory limitations period." *Edwards*, 777 F.2d at 647. In *Edwards*, the Eleventh Circuit recognized that legitimate prosecutorial purposes, beyond simply locating and gaining custody of the defendant, may justify sealing an indictment. Specifically, the Court found that the decision to seal an indictment in order to

8

toll the statute of limitations on drug charges contained in the indictment while prosecutors sought to add additional tax-related charges represented a legitimate prosecutorial purpose. *Id.* Thus, the Superseding Indictment will relate back to the original indictment for statute of limitations purposes provided the decision to seal the indictment was justified by legitimate prosecutorial purposes.

The Court has reviewed the Government's motion to seal the original indictment in this case. The Government requested that the indictment be sealed for purposes of tolling the statute of limitations and avoiding public disclosure of the indictment while the Government continued its investigation of Defendant and others. Thus, legitimate prosecutorial purposes supported the sealing of the indictment. *Edwards*, 777 F.2d at 647. Defendant's claim that he has suffered prejudice due to the sealing of the indictment is also unavailing. In *Edwards*, the Eleventh Circuit recognized that other courts have "dismissed indictments maintained under seal beyond the limitation period only upon a showing of substantial, irreparable, actual prejudice to the defendants." *Id.* at 649. Defendant identifies two primary circumstances as indicative of the prejudice he purportedly has suffered due to the sealing of the indictment: the destruction of Goff Group records commencing sometime in November 2007 and the death of Bill Bergey, a former Goff Group executive, in April 2008. Crediting Defendant's allegations as true, Defendant has not satisfied the prejudice standard set forth in *Edwards*.

It appears to the Court that there are numerous sources of relevant documents which

Defendant has either failed to pursue or not pursued with sufficient vigor.  For instance, Defendant avers that he has tried to obtain Goff Group records from the Alabama Department of Insurance pursuant to the Alabama Open Records Act but has so far been unsuccessful.[3]  Likewise, Defendant has referred to numerous civil and administrative venues in which civil components of this dispute have been adjudicated, including: the Circuit Court of Montgomery County, Alabama; the Alabama Supreme Court; the United States District Court for the Middle District of Alabama; the United States District Court for the Eastern District of Pennsylvania; a Federal Arbitration Panel in the Southern District of New York; the Alabama Department of Insurance; an Administrative Law Judge for the Alabama Attorney General's Office; and the United States Bankruptcy Court for the Middle District of Alabama.  Records relevant to this litigation - including, potentially, "correspondence and emails and other records relating [to] the dispute with ECS and XL Greenwich" - have very likely already been made record to the proceedings before these various entities.  Defendant has not demonstrated to the Court that he has availed himself of all available mechanisms, including this Court's process, to obtain all potentially relevant documents.  Until Defendant satisfies the Court that he has exhausted all possible avenues for obtaining documents that he may have voluntarily allowed to be destroyed due to his purported belief that he would not be indicted, Defendant cannot show that he has suffered "substantial, irreparable, actual

---

[3]       The Court notes that the Government maintains that Defendant has received all of these documents - some 700,000 pages - as part of the discovery package in this case.  Gov.'s Resp. To Def.'s Amend. Mot. To Dis. Indict. (Doc. #47) at 12.

prejudice." *Edwards*, 777 F.2d at 649.  Similarly, Defendant has not shown adequate prejudice due to the death of Mr. Bergey.  The Court first notes that, while Defendant has not apprized the Court exactly when Mr. Bergey passed in April of 2008, given that the Superseding Indictment was unsealed on April 2, 2008, it is unlikely that he passed during the time that the indictment remained sealed.  Furthermore, according to his own pleadings, Defendant was on notice that he was subject to an ongoing criminal investigation as late as September of 2007, yet he made no effort to capitalize on whatever utility Mr. Bergey may have provided for his defense.  Finally, Defendant has not specified exactly how Mr. Bergey would have aided his defense.  The fact that Mr. Bergey "had knowledge of the fallout with ECS and XL Greenwich during June of 2002 . . . [and] of the state of the Under Writing Department as of June 2002," does not necessarily compel the conclusion that Mr. Bergey would have benefitted the defense.  Based on the information before the Court, the Court cannot conclude that the putative testimony of Mr. Bergey would have benefitted Defendant anymore than the Government.  Thus, Defendant has not shown "substantial, irreparable, actual prejudice."  *Edwards*, 777 F.2d at 649.

The decision to seal the timely-returned indictment in this case was permitted by legitimate prosecutorial objectives and had the effect of tolling the statute of limitations.  The subsequent Superseding Indictment relates back to the timely-filed original indictment for statute of limitations purposes.  Finally, Defendant has failed to demonstrate that he suffered prejudice due to the decision to seal the indictment.  Accordingly, the Superseding

11

Indictment does not run afoul of the applicable five-year statute of limitations.  Defendant's claim to the contrary is without merit and should be denied.

**D.     Pre-indictment Delay.**

Defendant contends that his rights under the Due Process Clause of the Fifth Amendment have been violated due to the Government's pre-indictment delay in bringing the indictment.  Specifically, he claims that the purported delay was "the result of inaction amounting to negligence in the U.S. Attorney's Office," and that he has "been prejudiced by the loss of prospective witnesses and the inability of some of the witnesses to remember certain complex facts and details by reason of the delay."  Def.'s Amend. Mot. To Dismiss (Doc. #46) at 20.

The Eleventh Circuit has "established a two-pronged test to determine when pre-indictment delay violates due process.  . . . [T]o succeed on a motion to dismiss for pre-indictment delay, a defendant must show 1) that the delay caused actual prejudice to the conduct of his defense and 2) that the delay was the product of deliberate action by the government designed to gain tactical advantage."  *United States v. Benson*, 846 F.2d 1338, 1341 (11th Cir. 1988).  The prejudice asserted by a defendant to have arisen due to pre-indictment delay must be "balanced against the government's need for investigative delay" in determining whether the prejudice suffered by the defendant offends "fundamental conceptions of justice."  *Id.* at 1342.  Furthermore, delay attributable to mere negligence on the part of the government does not suffice.  *Id.* at 1343.  Rather, the defendant is required

to demonstrate "bad faith" on the part of the government to succeed on a due process claim concerned with pre-indictment delay. *Id.*

Applying these standards, Defendant's claim is without merit. First, Defendant does not allege that the Government's delay in this case was in bad faith or for the purpose of obtaining "tactical advantage." Rather, Defendant has asserted that the delay is attributable to "negligence." *See* Def.'s Amend. Mot. To Dis. (Doc. #46) at 20, 27. The Eleventh Circuit has explicitly rejected this rationale. *Benson*, 846 F.2d at 1342-43. Moreover, as set forth *supra*, Defendant has not adequately demonstrated that he has suffered appreciable prejudice due to delay in bringing (or sealing) the indictment. To the extent that Defendant has suffered any cognizable prejudice, when weighed against the Government's need for "investigative delay," such prejudice clearly is not constitutionally significant. Accordingly, Defendant's claim that his due process rights have been violated by any pre-indictment delay is without merit and should be denied.

### E.    Preemption, Abstention, and the McCarran-Ferguson Act.

Defendant contends that the Superseding Indictment should be "precluded" under the McCarran-Ferguson Act, 15 U.S.C. § 1012 (b), because it "impairs Alabama's administrative efforts to regulate its insurers and the laws of the state." Def.'s Amend. Mot. To Dis. (Doc. #46) at 28. Defendant also contends that the abstention doctrine, as explicated in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) and *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), requires dismissal of this pending federal criminal prosecution.

13

Fifteen U.S.C. § 1012(b) reads as follows:

No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, or which imposes a fee or tax upon such business, unless such Act specifically relates to the business of insurance: *Provided*, That after June 30, 1948, the Act of July 2, 1890, as amended, known as the Sherman Act, and the Act of October 15, 1914, known as the Federal Trade Commission Act, as amended, shall be applicable to the business of insurance to the extent that such business is not regulated by State law.

Defendant appears to believe that, because the Superseding Indictment "mentions several violations of sections of the Alabama Insurance Code" and otherwise alleges criminal conduct by Defendant during the course of his involvement in the insurance industry, it somehow effects a regulation of Alabama's insurance industry. Appellate courts have roundly rejected this reasoning,[4] and the Eleventh Circuit, although never having decided the issue, has indicated that it would find the rulings of these courts "particularly instructive." *United States v. Cooper*, 132 F.3d 1400, 1404 n.3 (11th Cir. 1998). The prosecution of this matter in no way interferes with Alabama's regulation of its insurance industry. Defendant and the Goff Group are no longer engaged in the insurance business in Alabama. The federal government only seeks to punish alleged past criminal behavior. Accordingly, this prosecution is not preempted by the McCarran-Ferguson Act.

Nor is this Court required to abstain from exercising jurisdiction in this matter.

---

[4] *See, e.g., United States v. Pugh*, 151 F.3d 799, 800 (8th Cir. 1998); *United States v. Blumeyer*, 114 F.3d 758, 768 (8th Cir. 1997); and *United States v. Cavin*, 39 F.3d 1299, 1305 (5th Cir. 1994).

Abstention pursuant to the *Colorado River* doctrine is a product of the federal courts' respect for "an ongoing *parallel* action in state court." *Moorer v. Demopolis Waterworks and Sewer Bd.*, 374 F.3d 994, 997 (11th Cir. 2004)(emphasis added). The subject matter of this federal criminal litigation - Defendant's alleged violations of federal criminal statutes - is wholly separate from any state legal or administrative proceedings which may be ongoing.[5] None of the factors traditionally applied in assessing the appropriateness of abstention under *Colorado River* militate in favor of such abstention in this case.[6] Nor is *Burford* abstention appropriate in this matter. "The *Burford* abstention doctrine allows a federal court to dismiss a case only if it presents difficult questions of state law bearing on policy problems of substantial import whose importance transcends the case then at bar, or if its adjudication in a federal forum would disrupt state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Siegel v. LePore*, 234 F.3d 1163, 1173 (11th Cir. 2000). These pending federal criminal charges do not present the Court with difficult issues of state law. Nor will their resolution "disrupt" Alabama's efforts to regulate its insurance industry. Defendant's vague and conclusory assertions that these proceedings are subject to

---

[5]     The Court has not been clearly apprized by Defendant of exactly what proceedings now remain ongoing before state or federal courts or administrative bodies. The Government has represented to the Court that the state civil suit initiated by Defendant which is presumably related to some of the same facts and circumstances predicating the Superseding Indictment has been whittled to one remaining defendant. Gov.'s Resp. To Amend. Mot. To Dis. (Doc. #47) at 6.

[6]     *See Ambrosia Coal and Const. Co. v. Pages Morales*, 368 F.3d 1320, 1331 (11th Cir. 2004)(listing six factors to be considered in applying *Colorado River* abstention to federal court proceedings due to the pendency of parallel proceedings in state court).

preemption under the McCarran-Ferguson Act or abstention are without merit and due to be denied.

###### F.     Sufficiency of Mail Fraud Allegations.

Defendant concludes his Amended Motion to Dismiss with another attack on the sufficiency of the mail fraud counts of the Superseding Indictment.  He contends that the mail fraud allegations fail to state an offense as they "fall beyond the scope of the relevant criminal statute" and, in essence, attempt[] to criminalize Goff's rightful ability to take a position on a contract interpretation issue." Def.'s Amend. Mot. To Dis. (Doc. #46) at 30-31. As set forth above, each of the mail fraud counts properly alleges a violation of 18 U.S.C. § 1341, in that it is alleged Defendant devised a scheme to defraud and utilized the mails on at least twenty-three separate occasions in executing the scheme.  It is a question within the province of the jury (or the trial court via a motion for directed verdict), after the presentation of evidence, whether Defendant's conduct is criminal in nature, as charged in the Superseding Indictment.  Accordingly, Defendant's claim that the mail fraud counts of the Superseding Indictment fail to state an offense is without merit and is due to be denied.

## III.   RECOMMENDATION

Defendant's various claims challenging the validity of the Superseding Indictment are without merit.  Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Defendant's Amended Motion to Dismiss (Doc. #46) be denied.  Additionally, it is

ORDERED that the parties are DIRECTED to file any objections to the said

Recommendation **on or before 23 January 2009**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 24th day of December, 2008.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE