IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07cr322-MHT |
| | ) | |
| JOHN W. GOFF | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is Defendant John W. Goff's Motion to Disqualify the United States Attorney's Office for the Middle District of Alabama (Doc. #56) and Motion to Dismiss Indictment for Bad Faith Prosecution (Doc. #57). The Government filed a Response to the Motions (Doc. #67). On January 9, 2009, the Court conducted an evidentiary hearing on the Motions, during which Defendant was afforded an opportunity to present evidence and testimony in support of the Motions. Based on the Motions, Response, and the evidence adduced at the hearing, the undersigned Magistrate Judge RECOMMENDS that the Motions be DENIED.

**I.     BACKGROUND**

On April 2, 2008, a Superseding Indictment was filed which charged Defendant with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (Count 1), embezzlement of insurance company funds, in violation of 18 U.S.C. §§ 1033(b)(1)(A) and (2) (Count 2), twenty-three counts of mail fraud, in violation of 18 U.S.C. §§ 1341 and 2 (Counts 3-25), and making a false and material statement to an insurance regulatory agency,

1

in violation of 18 U.S.C. §§ 1033(a) and 2 (Count 26).

## II.    DISCUSSION

### A.    Motion to Disqualify the United States Attorney's Office

Defendant requests that the Court enter an order disqualifying the entire United States Attorney's Office for the Middle District of Alabama from proceeding in this criminal prosecution.  In support of his Motion, Defendant recites a bevy of factual allegations too attenuated to the actual issue before the Court to be exhaustively recounted here.  In sum, Defendant believes that he is being prosecuted for bringing a civil suit against certain State government officials in the state courts of Alabama and that, despite the recusal of the United States Attorney due to her connections with figures peripheral to or implicated in that suit, the entire office is tainted by its connection to the United States Attorney and is subject to disqualification.  Moreover, Defendant speculates that, based on reports of the alleged sham recusal of the Untied States Attorney in the prosecution of Don Siegelman, it is likely that the United States Attorney has not effectively recused herself from this prosecution.  Furthermore, Defendant asserts, any effort to erect a "wall" between the recused United States Attorney and the prosecutors in this case would not succeed in isolating the United States Attorney or preventing her influence over the prosecutorial team.  Thus, while acknowledging that it is "an extraordinary request," Defendant implores the Court to order "that the entire United States Attorney[']s Office for the Middle District [of Alabama] recuse [itself] from the prosecution of Goff."  Def.'s Mot. To Disqualify (Doc. #56) at 11.

Defendant contends that circumstances inhering in this case are sufficiently extraordinary to justify such a measure because "[n]ever before has an entire United States Justice Department been under such a cloud of suspicion, so politicized by a President and political party, and so scrutinized for trampling on the United States Constitution." *Id.*

The Government asserts that Defendant's Motion should be denied because it is based "only on rank speculation about a fanciful, bizarre, and highly attenuated conspiracy which[,] even if true (which it is not)[,] would not establish any financial or other conflict of interest on the part of any member of the United States Attorney's Office . . . ." United States' Response (Doc. #67) at 3.

For all of the bluster and innuendo set forth in Defendant's Motion, no matter how compelling one views it, this Court is confronted with a simple, single inquiry: has Defendant proven sufficient facts to justify the "extraordinary" action of ordering the disqualification of the entire United States Attorney's Office for the Middle District of Alabama? As one might expect, courts have imposed a substantial burden on defendants seeking the recusal or disqualification of an entire U.S. Attorney's Office because of serious separation of powers implications and broad concerns about the efficient administration of justice. *See, e.g.*, *United States v. Bolden*, 353 F.3d 870, 875-76 (10th Cir. 2003) (remarking that "we can only rarely - if ever - imagine a scenario in which a district court could properly disqualify an entire United States Attorney's office" and "disqualifying an entire United States Attorney's office is almost always reversible error"); *Grand Jury Subpoena of Ford v. United States,*

756 F.2d 249, 254 (2d Cir. 1985) ("if the disqualification of one government attorney could serve as the predicate for the disqualification of the entire United States Attorney's Office, the administration of justice would be irreparably damaged"). Thus, courts have generally held that screening procedures put in place by the Department of Justice or U.S. Attorney's offices, such as recusal of the affected attorney(s) and building a "wall" between the affected attorney(s) and the rest of the office, are sufficient to remedy the conflict of interest of one attorney in the office. *Id.*

It does not materially advance Defendant's argument to contend, as he does, that this situation is "extraordinary" because the affected attorney is the United States Attorney rather than a subordinate Assistant United States Attorney. In *United States v. Hasarafally*, 529 F.3d 125, 128-29 (2d Cir. 2008), the Court of Appeals for the Second Circuit considered whether the Department of Justice should be disqualified from defending the United States in Hasarafally's appeal of his criminal conviction because the Attorney General of the United States, Michael Mukasey, had been the district judge presiding over Hasarafally's trial. The Second Circuit was cognizant of the fact that, as the Attorney General, General Mukasey enjoys "supervisory power over all litigation to which the United States is a party," including those cases in which he had once served as the trial judge. *Id.* at 126. However, the Court held, given his recusal in all such matters - some forty appeals then before the Second Circuit - and the provision of other supervisory authority by the Department of Justice, disqualification of the entire Department of Justice was unwarranted. Given all of the above,

4

it is evident that, absent compelling proof of the failure of established "screening mechanisms," court-ordered disqualification of an entire United States Attorney's office is not appropriate merely because of the purported conflict of a supervisor within the office.

The United States Attorney has recused herself from this prosecution and the Assistant United States Attorney in charge of the criminal division is the acting United States Attorney for purposes of this case. Despite being afforded an evidentiary hearing on this Motion, Defendant has not presented any evidence that the recused United States Attorney is nevertheless directing or influencing the actions of the Assistant United States Attorneys in this case. Instead, Defendant persists in speculating about such influence based on allegations of the United States Attorney's conduct in a separate criminal case. In no case privy to the Court or cited by Defendant has a reviewing court found that mere speculation is sufficient to justify the "extraordinary" relief sought by Defendant. The Court also finds it noteworthy that Defendant has not sought discovery, via subpoena or other judicial process, of evidence probative of his speculation, such as internal correspondence or emails. In any event, given the recusal of the United States Attorney, the implementation of screening mechanisms, and Defendant's failure to present any actual evidence of the failure of these measures, the Court finds that disqualification of the entire United States Attorney's Office for the Middle District of Alabama is not warranted.

**B.    Motion to Dismiss for Bad Faith Prosecution**

As noted above, Defendant contends that his prosecution is the result of efforts by the

5

United States to exact retribution for and frustrate his efforts in a civil suit which he filed in Alabama state court in 2007. Defendant previously raised the core of these allegations in his Amended Motion to Dismiss (Doc. #46), although he did not cite to any pertinent legal authority in support of his contention that his indictment should be dismissed on that basis. In a Recommendation (Doc. #58) entered on December 24, 2008, the undersigned Magistrate Judge noted Defendant's failure to provide legal authority and recommended that, to the extent Defendant intended to present the Court with a claim of vindictive prosecution, such claim should be denied under applicable legal standards. With the instant motion, Defendant now contends that, given his oft repeated allegations respecting the Government's conduct in this matter, the indictment should be dismissed under a theory of "bad faith prosecution." (Doc. #57 at 9-15).

The Court must first assess whether Defendant's present reliance on the legal theory of "bad faith," or selective, prosecution differs from the "vindictive prosecution" theory already considered, and rejected, by the Court in its prior Recommendation, and, if so, the relative merit of that theory when applied to the facts of this case. Defendant first cites a number of cases addressing the concept of selective prosecution as it relates to the equal protection component of the constitutional due process guarantee. *See id.* at 9-10. The test for unconstitutional selective prosecution generally articulated in these cases is as follows: "to support a defense of selective prosecution, one must establish (1) that others similarly situated have not generally been prosecuted and (2) that the government's discriminatory

selection of him is invidious, or in bad faith that is, based on constitutionally impermissible considerations such as race or religion." *United States v. Lichenstein*, 610 F.2d 1272, 1281 (5th Cir. 1980). However, rather than urging the Court to apply this test to his claim,[1] Defendant next articulates a different standard, from an inapposite context, to guide this Court's inquiry. Relying upon *Wilson v. Thompson*, 593 F.2d 1375, 1387 (5th Cir. 1979), Defendant asserts that the following three-part test should be applied:

> [The Court should consider whether the plaintiffs have shown,] [f]irst, that the conduct allegedly retaliated against or sought to be deterred was constitutionally protected, and second, that the State's bringing of the criminal prosecution was motivated at least in part by a purpose to retaliate for or to deter that conduct. If the court concludes that the plaintiffs have successfully discharged their burden of proof on both of these issues, it should then consider a third: whether the State has shown by a preponderance of the evidence that it would have reached the same conclusion as to whether to prosecute even had the impermissible purpose not been considered.

Def.'s Mot. To Dis. For Bad Faith Prosecution (Doc. #57) at 11 (quoting *Wilson*, 593 F.2d at 1387). Defendant's reliance on *Wilson* is misplaced. The test articulated in *Wilson* is applicable when a defendant in a state court criminal proceeding seeks a federal injunction of the state criminal proceedings because the state court prosecution is alleged to have been brought only as retaliation for the federal court plaintiff's exercise of his constitutional rights. *Wilson*, 593 F.2d at 1386-87. The *Wilson* test was articulated solely as a means of allocating the burden of proof between the federal plaintiff, *i.e.*, the state criminal defendant, and the

---

[1] Indeed, Defendant makes no serious effort to apply the test in this case. Nowhere does he allege, much less actually demonstrate, "that others similarly situated have not generally been prosecuted" for conduct similar to that alleged by the Government in the Superseding Indictment.

federal defendant, *i.e.*, the State, in a federal suit to enjoin a state court prosecution. *Id.* Thus, the test has no relevance in the context of this case. Moreover, the principle undergirding the *Wilson* test - that a criminal prosecution may violate due process if motivated by the prosecutor's desire to retaliate for the defendant's exercise of constitutional rights - has already been explicated, in relevant part, in the discussion of "vindictive prosecution" set forth in the Court's prior Recommendation. *See* Recommendation (Doc. #58) at 2-4. Thus, it does not appear to the Court that Defendant has articulated a claim wholly separate from the "vindictive prosecution" claim already considered by the Court in its prior Recommendation. To the extent Defendant might nevertheless maintain his intent to have done so, he has, as set forth above, failed to apply the facts of this case to one possibly applicable test, that of *Lichenstein*, and has instead misplaced his reliance and corresponding analysis on the irrelevant and inapposite *Wilson* test. Accordingly, he is entitled to no relief on any "new" theory advanced in the Motion to Dismiss for Bad Faith Prosecution.

Out of an abundance of caution, however, the Court will once again examine Defendant's claim that his prosecution is the result of the improper motives of the Government. The Court's attempt to distill Defendant's tangled narrative of allegations and legal theories into a relevant and cogent factual and legal argument arrives at the following: Defendant believes his prosecution is in "bad faith" because it is an effort to "intimidate" and "harass" him as he exercises his constitutional right to seek redress for alleged wrongdoing

in the civil courts of Alabama.  As objective evidence of the Government's "bad faith," Defendant asserts that the Government ended its criminal investigation of him in February, 2005, only to resurrect the investigation in September, 2007, after Defendant filed his civil suit in state court.  *See* Def.'s Mot. To Dismiss for Bad Faith Prosecution (Doc. #57) at 12-14; *see also id.* at 14 ("The government cannot show that[,] but for Goff filing a civil suit in March[,] 2007[,] . . . the Government would not have reopened the Goff investigation on or about September[,] 2007.").  Defendant also contends that the Government's prosecution is an attempt to frustrate his discovery efforts in the state court suit.  *Id.*; *see also id.* at 9 (alleging that Government's investigation was reopened shortly after Defendant had served a deposition notice for his civil suit on the husband of the United States Attorney, William Canary).

   While Defendant points to a number of circumstances which, for him, create the inference that the Government's motives in bringing this prosecution are tied to his own endeavors in Alabama's civil courts, he has not provided the Court with one tangible evidentiary link between these two circumstances.  As to this crucial nexus, Defendant has only urged the Court to take note of the cast of characters portrayed in his pleadings, accept his imputation of motives to those characters, and acquiesce to the "information and belief" he offers as proof of the interconnectedness of his narrative.  *See, e.g., id.* at 12, 13.  However, when afforded an evidentiary hearing in order to present actual evidence substantiating all of his various innuendo, "information," and "belief," Defendant failed to

9

present any evidence that the Government proceeded to indict him based only upon his decision to bring a civil suit against officials in state government and others. Thus, the Court need not add to its discussion of this issue from its prior Recommendation (Doc. #58 at 2-4).[2] Defendant's Motion to Dismiss Indictment For Bad Faith Prosecution (Doc. #57) is without merit and should be denied.

## III.   RECOMMENDATION

Defendant's Motion to Disqualify the United States Attorney's Office for the Middle

---

[2]   In addressing this issue previously, the Court stated as follows:

> "A defendant may establish vindictiveness by either showing facts that give rise to a presumption of vindictiveness or by offering evidence of a prosecutor's actual vindictiveness." *United States v. Dorsey*, 512 F.3d 1321, 1325 (11th Cir. 2008)(*citing United States v. Paramo*, 998 F.2d 1212, 1220 (3d Cir. 1993)). The presumption of vindictiveness applies where the factual circumstances alleged by the defendant "indicate a 'reasonable likelihood of vindictiveness." *Id.* Moreover, even if the presumption applies, the government may rebut it with "objective evidence justifying its conduct." *Id.* In that event, the defendant must show "actual vindictiveness," which entails "present[ing] objective evidence that the government acted solely to punish him for exercising legal rights, and that the reasons proffered by the government are pretextual." *Id.* at 1325-26.
>    In this case, Defendant has merely offered speculation that his indictment is the result of the improper motives of the government. The Superseding Indictment is replete with factual allegations which, if proven at trial, clearly constitute criminal conduct. Moreover, as noted by the Government, the United States is not a party to and has no interest in any of the various civil proceedings with which Defendant has been involved during the years leading up to his indictment. Finally, the Government notes that the United States Attorney for the Middle District of Alabama, whom Defendant appears to assert harbors animus toward him resulting in his indictment, has recused herself from this case. Thus, even if the Court were to presume vindictiveness, the Government has rebutted such a presumption with "objective evidence justifying its conduct." Likewise, it is clear that Defendant's speculation about the alleged improper motives of the recused United States Attorney cannot constitute evidence of "actual vindictiveness."

Recommendation (Doc. #58) at 2-3.

District of Alabama (Doc. #56) and Motion to Dismiss Indictment for Bad Faith Prosecution (Doc. #57) are without merit.  Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the Motions (Docs. #56, 57) be DENIED.  Additionally, it is

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before 2 February 2009**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 20th day of January, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE