IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )
     v.                     )   CRIMINAL ACTION NO.
                            )      2:07cr322-MHT
JOHN W. GOFF                )         (WO)
```

OPINION AND ORDER

Upon consideration of the recommendation of the United States Magistrate Judge (doc. no. 58) and the objections filed by defendant John W. Goff (doc. no. 81), and after an independent and de novo review of the record, it is ORDERED as follows:

(1) Defendant John W. Goff's objections (doc. no. 81) are overruled.

(2) The recommendation of the United States Magistrate Judge (doc. no. 58) is adopted.

(3) Defendant Goff's motions to dismiss the indictment (doc. nos. 33 and 46) are denied.

\* \* \*

The court adds the following comments:

First, the recommendation clearly directs that any objections filed by Goff "specifically identify the findings" in the recommendation to which he objects.  It states that "general objections" will not be considered by this court.  Goff's objections specifically identify and argue only one aspect of the magistrate judge's recommendation: whether the statute of limitations has run.

Second, the magistrate judge evaluated the circumstances of the case and the government's motion to seal the original indictment and found good cause to be shown to seal the indictment.  In challenging that decision, Goff now faces a stiff hurdle because the Eleventh Circuit Court of Appeals affords "great deference to the discretion of the magistrate."  United States v. Edwards, 777 F.2d 644, 648 (11th Cir. 1985).

Goff is correct that troubling issues could be raised when indictments are sealed close to the expiration of statutes of limitations.  However, the Eleventh Circuit

has decided that the primary safeguard against the government's use of sealed indictments to circumvent the important rights granted defendants by statutes of limitations is <u>the magistrate judge's scrutiny</u>. Accordingly, the magistrate judge should refuse to seal indictments where the reasons offered are not legitimate. For example, sealing an indictment solely to toll the statute of limitations or for the purpose of investigating and pursuing related charges that are also set to expire and that should have been investigated before but for the government's delay or negligence may not generally be legitimate reasons.* <u>See, e.g.</u>, <u>United</u>

---

*There is no exhaustive list of legitimate reasons for sealing an indictment.  For instance, sealing may be warranted to prevent interference with other criminal investigations, to prevent flight or changes of behavior by the defendant or by others, to prevent disclosure of confidential informants, or to continue pursuit of unrelated charges that are not in danger of expiring.  If the government shows (rather than merely casually asserts) a connection between a publicly available indictment and any of these or other legitimate prosecutorial policy considerations, then the magistrate judge may rightly determine that sealing the indictment is valid under Fed. R. Crim. Pro. 6(e)(4).

3

States v. Gigante, 436 F.Supp.2d 647, 658 (S.D.N.Y. 2006) (Chin, J.).

Once the decision has been made, however, to seal an indictment, the defendant can later obtain dismissal of that indictment on statute of limitations grounds only by showing "substantial, irreparable, actual prejudice." Edwards, 777 F.2d at 649.  The government is generally entitled to rely on the magistrate judge's ultimate decision, after careful scrutiny, that the reasons the government provided were legitimate.  Indeed, if the choice were between sealing the indictment or dismissal, the government may have preferred to forgo sealing.  See United States v. Southland, 760 F.2d 1366, 1380 (2d Cir. 1985).  Goff has failed to provide such evidence of actual prejudice here to justify questioning the magistrate judge's discretion and the government's subsequent reliance on that discretion.

Done, this the 27th day of January, 2009.

                                        /s/ Myron H. Thompson
                                   **UNITED STATES DISTRICT JUDGE**