IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:07cr322-MHT |
| JOHN W. GOFF | ) | (WO) |

OPINION AND ORDER

The government has filed a motion in limine to
exclude all evidence of "unsubstantiated conspiracy
theories."   Specifically, the government seeks to
prohibit any questions, arguments, or documents regarding
claims that defendant John W. Goff is a victim of an
effort among public officials and some private entities
to destroy his business and regarding claims that this
prosecution was instituted in retaliation for Goff's
filing of a civil suit.   The government seeks, in the
alternative, assurances that Goff will not be permitted
to broach these issues without a prior in camera hearing.
Finally, the government seeks to preclude Goff from
calling Assistant United States Attorney Stephen Feaga as

a witness absent some showing in camera that Feaga's testimony would be relevant.

It is clear that the proper means to challenge the government's investigation and motivations is a separate motion to the court--a motion Goff has filed and which is to be handled prior to the jury trial. See <u>United States v. Abboud</u>, 438 F.3d 554 (6th Cir. 2006) (holding that evidence offered for the purpose of demonstrating improper prosecutorial motive is improper because selective prosecution is not an issue for the jury); <u>cf. United States v. Oreto</u>, 37 F.3d 739, 747 (1st Cir. 1994) ("Putting the government on trial is a favorite strategy of defense counsel, but it is not an exculpatory theory which the defense is entitled to have the judge formally present to the jury.").

However, it may be that some of the evidence that Goff seeks to introduce is admissible for other reasons. The court cannot tell from the current record. Therefore, the court will, with one exception,

conditionally disallow such evidence until the court has had the opportunity to review the evidence outside the presence of the jury, whether before or during the trial.

The exception is the calling of Assistant United States Attorney Feaga as a witness. Attorney Feaga cannot appear as both counsel for the government and as a witness in the trial. <u>See</u> <u>United States v. Hosford</u>, 782 F.2d 936, 938 (11th Cir. 1986) ("It is clear that a prosecutor must not act as both prosecutor and witness."). Therefore, this issue must be resolved before the beginning of trial.

Accordingly, for the reasons set forth above, it is ORDERED that:

(1) The government's motion in limine (doc. no. 68) is conditionally granted, except as to the potential testimony of Assistant United States Attorney Stephen Feaga,

(2) The evidence at issue (except as to the potential testimony of Assistant United States Attorney Stephen

3

Feaga) and any reference to it are disallowed before the jury until the court has had the opportunity to review the evidence outside the presence of the jury, whether before or during the trial.

(3) Said motion, to the extent it concerns the calling of Assistant United States Attorney Feaga as a witness, is set for hearing on January 28, 2009, at 2:00 p.m. in the Frank M. Johnson, Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama.

(4) Defendant Goff is to file with the court, by noon on January 28, 2009, (a) a thorough recitation of the evidence he wants to elicit from Assistant United States Attorney Feaga and (b) an explanation of why that evidence is necessary to his defense.

DONE, this the 27th day of January, 2009.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE