IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:07cr322-MHT |
| **JOHN W. GOFF** | ) | (WO) |

## OPINION

Defendant John W. Goff moved orally for judgment of acquittal on Count 26 of the superseding indictment, arguing that the evidence failed to establish a violation of 18 U.S.C. § 1033(a).  For those whose insurance business activities affect interstate commerce, the statute, in general, criminalizes intentionally making a materially false statement "in connection with any financial reports or documents presented to any insurance regulatory official."  18 U.S.C. § 1033(a)(1)(A).[*]  The

___

   [*]Section 1033(a) provides in full that:

> "(a)(1) Whoever is engaged in the business of insurance whose activities affect interstate commerce and knowingly, with the intent to deceive, makes any false material statement or report or willfully and materially

(continued...)

court denied Goff's judgment-of-acquittal motion and promised that an opinion giving its reasons would follow. This is the promised opinion.

---

*(...continued)
overvalues any land, property or security--

(A) in connection with any financial reports or documents presented to any insurance regulatory official or agency or an agent or examiner appointed by such official or agency to examine the affairs of such person, and

(B) for the purpose of influencing the actions of such official or agency or such an appointed agent or examiner,

shall be punished as provided in paragraph (2).

(2) The punishment for an offense under paragraph (1) is a fine as established under this title or imprisonment for not more than 10 years, or both, except that the term of imprisonment shall be not more than 15 years if the statement or report or overvaluing of land, property, or security jeopardized the safety and soundness of an insurer and was a significant cause of such insurer being placed in conservation, rehabilitation, or liquidation by an appropriate court."

18 U.S.C. § 1033(a)

Goff argues that there was no evidence that his allegedly false statements were made "in connection with any financial reports or documents" because he provided, if anything, only false statements in a brief application to renew his insurance license and not in any 'financial report or document.'

The issue before the court is thus the scope of § 1033(a)'s reference to "financial reports or documents." Goff argues that the insurance-license application in which he allegedly made false statements was not a 'financial report.' See Black's Law Dictionary 645 (7th ed. 1999) (defining "financial report" as a "financial statement," meaning a "balance sheet, income statement, or annual report" that summarizes financial condition "by reporting assets and liabilities"). However, because the court will, if possible, consider no word in the statute superfluous, see, e.g., TRW v. Andrews, 534 U.S. 19, 31 (2001) (noting that a "cardinal principle" of statutory interpretation mandates that, if

3

possible, no word be insignificant), a 'financial document' must mean something other, if not more, than 'financial report.'

Goff's allegedly false statements essentially concerned legal matters, including whether any demands or judgments had been made against him. But these legal matters and the corresponding allegedly false statements have important <u>financial</u> implications, including whether the applicant or the applicant's business owed money to other entities. Witness testimony established that, had the application been answered truthfully, the legal department of the state insurance agency would have investigated the matter further. The information could have been crucial to the state's determination of the financial health of Goff's company, particularly given the size of an arbitration award that had been entered against Goff. An effort to conceal the existence of significant financial claims against Goff's company could

certainly affect a state insurance regulator's financial evaluation of the propriety of a renewed license.

When false statements in a document are so connected to the potential financial health and viability of a business, they surely fall within the scope of § 1033(a), which was Congress's attempt to ensure that information provided to state regulators painted an accurate picture of a person's financial situation.  <u>See</u> 139 Cong.Rec. E209-04, E210 (Statement of Rep. Dingell) ("States apparently are not collecting adequate information, investigating wrongdoing, or taking legal action against the perpetrators of insurance insolvency.").

The court therefore concludes that the insurance-license application in which Goff allegedly made false statements was, at the least, a 'financial document' within the reach of § 1033(a).

DONE, this the 18th day of February, 2009.

                                    /s/ Myron H. Thompson  
                                UNITED STATES DISTRICT JUDGE