IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


UNITED STATES OF AMERICA    )
                            )
        v.                  )   CRIMINAL ACTION NO.
                            )     2:07cr322-MHT
JOHN W. GOFF                )          (WO)

OPINION AND ORDER

Defendant John W. Goff was found guilty of one count
of embezzlement from an insurance company, in violation
of 18 U.S.C. § 1033(b)(1)(A) and (2), 23 counts of mail
fraud, in violation of 18 U.S.C. § 1341, and one count of
making a false statement in connection with a financial
document to an insurance regulator, in violation of 18
U.S.C. § 1033(a).  This cause is now before the court on
the issue of whether Goff should remain on release on
bond pending his appeal of these convictions to the
Eleventh Circuit Court of Appeals.

The Bail Reform Act of 1984, 18 U.S.C. § 3143,
provides that the district court shall order detention of
a person who has been convicted and sentenced to a term

of imprisonment. Under § 3143, the court presumes that detention is valid despite a pending appeal, and the defendant bears the burden of overcoming that presumption and proving that release is appropriate. See Morison v. United States, 486 U.S. 1306 (1988) (Rehnquist, Circuit Justice); United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985) (per curiam), cert. denied, 479 U.S. 1018 (1986). In order to release a defendant pending appeal, the district court must make the following findings:

> "(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released ...; [and]

> "(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--

> (i) reversal,

> (ii) an order for a new trial,

> (iii) a sentence that does not include a term of imprisonment, or

> (iv) a reduced sentence to a term of
> imprisonment less than the total of the
> time already served plus the expected
> duration of the appeal process."

18 U.S.C. § 3143(b)(1); see also Giancola, 754 F.2d at 901.

The Eleventh Circuit has defined a substantial question of law for purposes of § 3143 in the following manner:

> "[A] 'substantial question' is one of
> more substance than would be necessary
> to a finding that it was not frivolous.
> It is a 'close' question or one that
> very well could be decided the other
> way. Further, there are no blanket
> categories for what questions do or do
> not constitute 'substantial' ones.
> Whether a question is 'substantial' must
> be determined on a case-by-case basis."

Giancola, 754 F.2d at 901.  In order to be released pending his appeal, then, Goff must show by clear and convincing evidence that he is not a flight risk or a danger to the community or appealing for the sake of delay, and that he is raising a substantial question of law on appeal that is likely to result, for example, in

3

reversal or a new trial.  Because the government does not contend that Goff is a risk of flight or danger to the community--and because the arguments of Goff and the probation officer are convincing on these factors--the court need only address the second part of the test.

Goff was convicted by a federal jury on February 17, 2009.  At trial, the court dismissed count 1 of the indictment (conspiracy) for insufficient evidence.  Goff was convicted on the remaining 25 counts.  The trial lasted over two weeks.  To say the least, the trial was complex and presented several substantial legal issues. The court noted some of these issues on the record in open court subsequent to Goff's sentencing on June 2, 2009, including the newness of the legal question concerning the interpretation of § 1033(a), the substantial legal questions surrounding mail fraud when those induced to act were bound by contract to act as they did and perhaps suffered no monetary loss, and the interesting line between civil and criminal conduct in an

4

embezzlement prosecution potentially involving contract disputes and competing interpretations.  The court would be disingenuous not to admit that some of these questions were "substantial."

*** 

Accordingly, it is ORDERED that defendant John W. Goff's is to remain at liberty pending appeal.

It is further ORDERED that defendant Goff's release is under the same bond and conditions imposed by the United States Magistrate Judge prior to trial with the following additions:

(1) Defendant Goff is to be placed on GPS monitoring as ordered in open court on June 2, 2009.

(2) Defendant Goff is to obtain full-time employment or engage in full-time volunteer work in the community, as determined and directed by his supervising probation officer.

Done, this the 3rd day of June, 2009.


    /s/ Myron H. Thompson   
UNITED STATES DISTRICT JUDGE